PLG DAMAGE ATTORNEYS
VINIT R. VENKATESH, ESQ. (State Bar No. 367857)
2750 SW 145TH AVENUE #509
Miramar, Florida 33027
VV@PLGDAMAGE.COM
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Alexander Cann, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br>vs.<br><br>Life Fitness, Llc<br><br>Defendant. | Case No.: '26CV6558 WGHBJW<br><br>**Complaint for Damages and Injunctive Relief for Violations of:** Violations of 47 U.S.C. § 227(c); C.F.R. § 64.1200(c)(2); and 47 C.F.R. § 64.1200(c)(1)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Alexander Cann ("Plaintiff") brings this class action against Life Fitness, Llc ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's counsel.

## NATURE OF THE ACTION

1. This putative class action arises from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"), and the Federal Communications Commission ("FCC") regulations promulgated thereunder.

2. To advertise and promote its goods and services, Defendant transmitted, or caused to be transmitted, unsolicited telemarketing text messages to Plaintiff and other consumers, including multiple messages initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

3. Through this action, Plaintiff seeks injunctive relief, statutory damages, treble damages for

willful or knowing violations, costs, and such other relief as the Court deems just and proper.

## PARTIES

4. Plaintiff is a natural person, a citizen and resident of San Diego County, California, and a "person" entitled to bring this action under the TCPA.

5. Defendant, Life Fitness, Llc, is a Delaware Limited Liability Company that is authorized to do business in California.

6. Unless otherwise indicated, references to Defendant include its agents, employees, officers, members, directors, partners, subsidiaries, affiliates, predecessors, successors, assigns, principals, representatives, vendors, and all other persons or entities acting on its behalf.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA.

8. This Court has personal jurisdiction over Defendant, and venue is proper in this District because Defendant transacts business in this District, purposefully directed the telemarketing campaign at issue into this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District.

## STATUTORY AND REGULATORY BACKGROUND

### I. <u>Telephone Consumer Protection Act (TCPA)</u>

9. In 1991, Congress enacted the TCPA to address the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. Section 227(c) of the TCPA directed the FCC to adopt rules protecting residential telephone subscribers' privacy rights and limiting unwanted telephone solicitations. 47 U.S.C. § 227(c)(1).

11. The FCC's regulations prohibit any person or entity from initiating a telephone solicitation to any residential telephone subscriber before 8 am and after 9 pm local time at the called party's location. and similarly provides a private right of action against any entity that makes those telephone solicitations, or "on whose behalf" such telephone solicitations are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(1). 47 C.F.R. § 64.1200(e), the restrictions in § 64.1200(c) apply to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described by the FCC. 47 C.F.R. § 64.1200(e).

12. Under the TCPA, a text message qualifies as a "call." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

13. The FCC defines "telephone solicitation" to mean the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, but the term does not include a call or message sent with prior express invitation or permission, to a person with whom the caller has an established business relationship, or by or on behalf of a tax-exempt nonprofit organization. 47 C.F.R. § 64.1200(f)(15).

14. A person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the regulations prescribed under 47 U.S.C. § 227(c) may bring an action for injunctive relief and to recover actual monetary loss or up to $500.00 in damages for each violation, whichever is greater. 47 U.S.C. § 227(c)(5).

15. If the Court finds that the defendant willfully or knowingly violated the regulations prescribed under 47 U.S.C. § 227(c), the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount otherwise available. Id.

**FACTS**

16. Plaintiff is the regular user and subscriber of the wireless telephone number ending in 9248 (the "Subject Number"). Plaintiff uses the Subject Number only or primarily for personal, family, and household purposes, as Plaintiff's primary means of being reached at home, and

as a replacement for a traditional residential landline.

17. Plaintiff did not provide Defendant with prior express invitation or permission—written or otherwise—to send telemarketing or solicitation text messages to the Subject Number.

18. Plaintiff had no established business relationship with Defendant within the meaning of 47 C.F.R. § 64.1200(f)(5) at the time of the messages at issue. Plaintiff had not purchased from Defendant within the eighteen months preceding the challenged texts, had not made any inquiry or application regarding Defendant's goods or services within the three months preceding the challenged texts, and, to the extent any prior relationship ever existed, it had been terminated before the messages at issue were initiated.

19. Upon information and belief, Defendant is not a tax-exempt nonprofit organization, and the messages at issue were not sent by or on behalf of a tax-exempt nonprofit organization.

20. On June 29, 2026 at 6:00 AM, Defendant initiated, or caused to be initiated, telemarketing text messages to Plaintiff while Plaintiff was located in San Diego, California.

21. The messages were sent from an unknown number, identified Defendant by name, promoted Defendant's goods and/or services.

22. True and correct copies of the messages are attached as Exhibit A and incorporated by reference.

23. The subject messages were not informational or transactional. Their purpose was to advertise, promote, and encourage the purchase of Defendant's goods and/or services.

24. Because the challenged messages were initiated to Plaintiff while Plaintiff was located in San Diego, California, the times alleged above are the relevant local times for purposes of 47 C.F.R. § 64.1200(c)(1). Each challenged message was initiated before 8:00 a.m. or after 9:00 p.m. local time at Plaintiff's location.

25. Upon information and belief, Defendant directly transmitted the subject messages or used a third-party platform, vendor, and/or telemarketing agent to transmit them on Defendant's

behalf. Any such person or entity acted as Defendant's agent and within the scope of that agency.

26. Upon information and belief, Defendant maintains, controls, and/or has access to outbound transmission reports and campaign records reflecting the dates, times, target telephone numbers, content, sending number or short code, and routing information for the telemarketing texts sent to Plaintiff and the Class.

27. Defendant's unlawful conduct invaded Plaintiff's privacy, disturbed Plaintiff's peace and quiet, and caused nuisance and annoyance in a realm that is private and personal.

28. Plaintiff remains at risk of future injury absent injunctive relief because, upon information and belief, Defendant's telemarketing campaign remained ongoing after the challenged messages and Plaintiff's number remained on, or accessible through, the lists, databases, and systems Defendant used to send the challenged texts.

## CLASS ALLEGATIONS

**Proposed Class**

29. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Plaintiff and the following proposed class:

30. TCPA After-Hours Class: All persons in the United States who, from four years prior to the filing of this action through the date of class certification, Defendant, or anyone acting on Defendant's behalf, initiated more than one telephone solicitation text message within any twelve-month period to a wireless telephone number used by the called party as a residential line, where at least one such message was initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

31. Plaintiff reserves the right to modify the class definition as discovery and further investigation may warrant.

32. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or control person of

Defendant, and Defendant's officers, directors, agents, servants, employees, attorneys, and the immediate family members of such persons.

33. Upon information and belief, the members of the Class number at least in the dozens and likely in the hundreds or thousands, making joinder impracticable. The identities of the Class members are presently unknown to Plaintiff but are ascertainable through Defendant's records and the records of Defendant's agents and vendors.

**Common Questions and Rule 23 Requirements**

34. There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members, including whether Defendant initiated or caused to be initiated the challenged text messages; whether those messages constituted telephone solicitations or telemarketing; whether the messages were sent to wireless numbers used as residential lines; whether the messages were initiated before 8:00 a.m. or after 9:00 p.m. local time at the called party's location; whether Defendant possessed prior express invitation or permission; whether Defendant had an established business relationship with the recipients; whether any nonprofit exemption applies; and whether Defendant is liable for damages and injunctive relief.

35. Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories.

36. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex litigation and TCPA class actions.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because the damages recoverable by individual class members are small compared with the burden and expense of individual litigation, and separate actions would risk inconsistent results and needlessly burden the courts.

**COUNT I**

**Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1)**
**(Quiet-Hours Claim)**
**(On Behalf of Plaintiff and the TCPA After-Hours Class)**

38. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

39. 47 C.F.R. § 64.1200(c)(1) provides that no person or entity shall initiate any telephone solicitation to any residential telephone subscriber before the hour of 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

40. 47 C.F.R. § 64.1200(e) makes the rules set forth in 47 C.F.R. § 64.1200(c) and (d) applicable to persons or entities making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described by the FCC.

41. The subject text messages were telephone solicitations within the meaning of the TCPA because they were sent for the purpose of encouraging the purchase of Defendant's goods and/or services, Plaintiff did not provide prior express invitation or permission, Defendant had no established business relationship with Plaintiff, and the messages were not sent by or on behalf of a tax-exempt nonprofit organization.

42. Within a twelve-month period, Defendant initiated, or caused to be initiated, more than one telephone solicitation text message to Plaintiff and the TCPA After-Hours Class before 8:00 a.m. or after 9:00 p.m. local time at the called party's location.

43. By doing so, Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1).

44. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and the TCPA After-Hours Class are entitled to injunctive relief and to recover actual monetary loss or up to $500.00 for each violation, whichever is greater, and up to three times that amount for each willful or knowing violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant and award the following relief:

a) An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel

as Class Counsel;

b) Statutory damages of up to $500.00 for each violation, or actual monetary loss, whichever is greater;

c) An award of treble damages for each willful or knowing violation;

d) Injunctive relief prohibiting Defendant from engaging in conduct that violates the TCPA, including initiating telephone solicitations before 8:00 a.m. or after 9:00 p.m. local time at the called party's location;

e) Costs, pre-judgment interest, and post-judgment interest as permitted by law; and

f) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff and the members of the Class hereby demand a trial by jury on all issues so triable.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, electronically stored information, transmission logs, campaign reports, consent records, customer relationship data, vendor communications, and all other documents or data relating to the text messages and telemarketing practices alleged herein.

Dated: November 19, 2026

Respectfully Submitted,

/s/ Vinit R. Venkatesh, Esq.
Vinit R. Venkatesh, Esq.
Attorney Bar No: 367857
E-mail: vv@plgdamage.com
PLG Damage Attorneys
2750 SW 145th Ave
Miramar, FL 33027
Phone: 305-506-4746

COUNSEL FOR PLAINTIFF

# EXHIBIT A

# ATTACH PHOTOS

